13-893
Barry v. Holder

BIA
Hom, IJ
A094 048 716

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand fourteen.

PRESENT:
         AMALYA L. KEARSE,
         RICHARD C. WESLEY,
         DENNY CHIN,
            *Circuit Judges.*

_____

ALPHA ABDOULAYE BARRY,
         *Petitioner*,

       v.                            No. 13-893

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
         *Respondent*.

_____

FOR PETITIONER:          THOMAS V. MASSUCCI, New York, NY.

FOR RESPONDENT:            RUSSELL J.E. VERBY, Senior Litigation Counsel; Stuart F. Delery, Assistant Attorney General; Kristin Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Alpha Abdoulaye Barry, a native and citizen of Guinea, seeks review of a February 14, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") March 3, 2011 and January 23, 2008 decisions denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Alpha Abdoulaye Barry*, No. A094 048 716 (B.I.A. Feb. 14, 2013), *aff'g* No. A094 048 716 (Immig. Ct. N.Y. City Mar. 3, 2011 and Jan. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the IJ's 2011 decision adopted and supplemented the IJ's 2011 and 2008 decisions, this Court has reviewed both IJ decisions as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

2

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Barry does not challenge the denial of CAT relief, we address only asylum and withholding of removal.

For applications such as Barry's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ made an explicit adverse credibility determination. Although Barry's brief in support of his petition contended that the IJ did not make a credibility determination, his counsel at oral argument rightly conceded that such a determination had been made. That determination is sufficiently supported. The IJ reasonably called Barry's testimony into question because it was implausible and inconsistent with some of the documentary evidence he submitted. *See id.* at 166 n.3. As a result,

3

the IJ did not err in further basing the finding on Barry's failure to provide reasonably available corroborating evidence. Barry testified that he was arrested, detained, beaten, and fined because he was a member of the Rally for the People of Guinea ("RPG"), a Guinean political party. Barry further testified that since arriving in the United States he has given money to the RPG in New York. However, Barry also stated that his income is barely sufficient to pay for his housing and other basic living expenses. And although a letter Barry submitted from the New York RPG branch confirmed that he had been a member of the organization in Guinea since 1993, the letter made no mention of any mistreatment. Barry asserted that the reason the letter did not mention any mistreatment was because he had never told the branch of his mistreatment because he did not believe it was their concern. The IJ reasonably found that explanation implausible and relied on the inconsistency between Barry's testimony and documentary evidence and the implausibility of his assertion that he gave money to the RPG in New York to make an adverse credibility determination. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007); 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also reasonably required additional evidence, which Barry failed to submit. Specifically, Barry did not submit: his Guinean RPG membership card, though he testified that he believed his wife had it; an affidavit from his uncle, who had paid the fine for his release, or any other evidence of the fine; or witnesses from the New York RPG branch, to corroborate his RPG activities in the United States. Barry did not testify that any of this evidence was unavailable. Thus, absent contrary evidence, the IJ reasonably found it was available and should have been provided. *See Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006). The IJ also reasonably found that Barry's documentary evidence did not rehabilitate his testimony. Even assuming that the letters from the RPG and his wife were properly entered into evidence, the IJ reasonably gave them minimal weight because they were not sworn before third parties and their authors were unavailable for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight accorded to documentary evidence lies largely within agency's discretion). Moreover, the membership card was not entitled to great weight because it was issued in New York and could not corroborate Barry's mistreatment. *See id*.

Nor did the evidence of general country conditions support Barry's claim. Except for the conviction of the former RPG president in 2000, there was no evidence that the Guinean government targeted the RPG. The 2006 U.S. State Department Report notes the temporary detention of striking workers, but there is no specific reference to the RPG, and it states that there were no reports of political prisoners or politically motivated disappearances. Accordingly, the IJ reasonably found this evidence insufficient to independently establish Barry's eligibility for relief. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The only evidence of a threat to Barry's life or freedom was his own testimony. Given the implausibility and lack of reasonably available evidence, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We have considered all of Barry's contentions in support of his petition for review and have found them to be without merit. For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk